UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ARMANDO SAPON SAPON, et al., <br><br> Plaintiffs, <br><br> -v- <br><br><br> HANBAT RESTAURANT, INC. and NACK GYEUN MUN, <br><br> Defendants. | CIVIL ACTION NO.: 18 Civ. 11457 (SLC) <br><br> **ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I.  BACKGROUND

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") consented to this Court's jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (ECF No. 29).  On November 5, 2019, the Court approved the parties' settlement agreement (the "Agreement") under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and on November 13, 2019, the action was dismissed with prejudice.  (ECF Nos. 30, 32).  Consistent with Paragraph 7 of the Agreement, the Court retained jurisdiction over the settlement agreement for purposes of its enforcement.  (ECF No. 37-2 at 3 ¶ 7).

Also as part of the Agreement, Defendants executed an Affidavit of Confession of Judgment (the "Confession of Judgment"), pursuant to which, in the event of their default under the Agreement, they authorized entry of judgment against them in the amount of $35,000 (less any payments made) in the Supreme Court of the State of New York, New York County.  (ECF No. 37-3).

1

On April 23, 2020, Plaintiffs filed a letter-motion (the "Motion") notifying the Court of Defendants' default under the Agreement and requesting the entry of judgment against Defendants in the amount of $35,000.  (ECF Nos. 37, 37-1).  According to Plaintiffs' counsel, Defendants failed to make any payments under the Agreement, even after Plaintiffs provided Defendants with notice of their default and agreed to a revised payment schedule.  (ECF No. 37-1 ¶¶ 8, 10–12).  On April 24, 2020, the Court ordered Defendants to respond to the Motion, which they did not do.  (ECF Nos. 38–39).

## II. DISCUSSION

A district court has the authority to enforce a settlement agreement where "the court makes 'the parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'"  In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).  As noted above, the Court approved the terms of the Agreement and agreed to retain jurisdiction over the action for purposes of enforcing the Agreement.  Therefore, the Court has the power to enforce the Agreement.  See Maritime Grp. Co. v. Entrac Inc., No. 18 Civ. 4924 (KHP), 2019 WL 2482376, at *2 (S.D.N.Y. June 13, 2019).

"A federal court also has the power to enter a confession of judgment where subject matter jurisdiction exists and the confession of judgment was made knowingly and voluntarily." Maritime Grp. Co., 2019 WL 2482376 at *2 (citing Xerox Corp. v. West Coast Litho, Inc., 251 F.

2

Supp. 3d 534, 537–38 (W.D.N.Y. 2017)); see Rodrigues v. Corona Advances, Inc., No. 15 Civ. 6815 (BCM), 2018 WL 4043149, at *2 (S.D.N.Y. Aug. 24, 2018) (same).  Where the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the law of the state in which the court is located.  See Fed. R. Civ. P. 64.

Under New York law, "while the New York courts permit the entry of judgment on a proper affidavit of confession by the clerk of the county in which entry of judgment is authorized, 'without an action,' see CPLR § 3218(a)-(b), the federal courts generally require the party seeking entry of a confessed judgment to make a motion."  Rodrigues, 2018 WL 4043149, at *2.

Here, the Court finds that the Confession of Judgment contains the information required by CPLR § 3218(a).  See Maritime Grp. Co., 2019 WL 2482376, at *3.  Although the Confession of Judgment authorized entry in New York State Supreme Court, the Agreement, signed by Defendants, also provided for this Court to retain jurisdiction over any enforcement proceeding, and therefore, the Confession of Judgment may be entered in this Court.  (See ECF No. 37-2 at 3 ¶ 7, 4).  By filing the Motion, which attaches Plaintiffs' counsel's declaration, the Agreement, and the Confession of Judgment, on the electronic docket of this action, Plaintiffs have provided effective notice to Defendants.  See Rodrigues, 2018 WL 4043149, at *2 (finding that electronic filing constituted adequate notice of entry of judgment).  Finally, the Court also finds that there is "ample reason" to grant Plaintiffs' Motion and enter a default judgment under Federal Rule of Civil Procedure 55 "because there is no doubt" that Defendants are in default by failing to pay any of the amounts required under the Agreement and failing to respond to Plaintiffs' Motion. Maritime Grp. Co., 2019 WL 2482376, at *3.  Defendants' default has prejudiced Plaintiffs by

3

delaying the recovery of the amounts they were due under the Agreement and causing Plaintiffs to incur additional attorneys' fees to bring the Motion. See id. Therefore, judgment should be entered in favor of Plaintiffs and Plaintiffs should be awarded the amounts due under the Agreement pursuant to the Confession of Judgment.

### III.     CONCLUSION

For the reasons set forth above, Plaintiffs' Motion (ECF No. 37) is GRANTED. The Clerk of Court is respectfully requested to enter Judgment in favor of Plaintiffs in the amount of **$35,000.00**.

SO ORDERED.

Dated: February 16, 2021
      New York, New York

_____
**SARAH L. CAVE**
**United States Magistrate Judge**